**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENVISION HEALTHCARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 0078 |
| | ) | |
| PREFERREDONE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

After hearing oral argument and considering the briefs of the parties, the court has decided to grant the motion of the defendant to dismiss this cause for lack of personal jurisdiction and pursuant to the doctrine of abstention.

On the question of personal jurisdiction, the contacts that the defendant PreferredOne Insurance Company had with the State of Illinois were in no way sufficient to put it on notice that by virtue of those contacts it might be haled into court in Illinois. The defendant did virtually nothing in Illinois, and certainly not enough to give Illinois courts jurisdiction over it consistently with the due process clause of the Fourteenth Amendment. Federated Rural Elec. Ins. v. Inland Power & Light, 18 F.3d 389, 395 (7th Cir. 1994).

Another ground for dismissal, independent of the personal jurisdiction question, is that the earlier-filed Minnesota state

court action affords a superior method of adjudicating all of the claims and counterclaims of the parties.  All of the parties to the controversies are present in the Minnesota action, whereas the action pending here is missing two essential parties – the insured and Envision Healthcare Inc.'s sales agent.

Envision's argument that the two actions are not parallel does not sit well with this court in light of Envision's argument to the Minnesota court that "[T]here is an action currently pending in the Northern District of Illinois, which involves the exact same legal issue."  (Ex. 4 to Def's. Mem. in Support of its Motion to Dismiss at 6.)  But quite aside from that admission, it is clear to this court that in the interest of doing complete justice, as well as considerations of judicial economy and the obvious desirability of avoiding unnecessary expense to the parties and the possibility of inconsistent rulings by the two courts, this court should abstain in favor of the Minnesota action.

## CONCLUSION

For the foregoing reasons, this cause is hereby dismissed for lack of personal jurisdiction and also on the ground of abstention.

DATE:        March 26, 2009

ENTER:       _____
             John F. Grady, United States District Judge